J-S31043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAVOUGHN SMITH | : | |
| | : | |
| Appellant | : | No. 63 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001358-2022

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED DECEMBER 11, 2023**

Javoughn Smith appeals from the judgment of sentence imposed after he pleaded guilty to violating the Pennsylvania Uniform Firearms Act. Smith argues his sentence was manifestly unreasonable and excessive. We affirm.

Smith entered an open guilty plea to possessing a firearm by a prohibited person. *See* 18 Pa.C.S.A. § 6105(a)(1). In exchange for Smith's guilty plea, the Commonwealth withdrew two other charges: carrying a firearm without a license and carrying a firearm on a public street in Philadelphia. *See* 18 Pa.C.S.A. §§ 6106(a)(1) and 6108, respectively. At Smith's plea hearing, the Commonwealth stated the charges arose when the police, in executing an arrest warrant for Smith, discovered a loaded semi-automatic handgun on his person. Smith had been ineligible to possess a firearm due to a previous conviction for third-degree murder. *See* N.T., 5/31/22, at 11.

At the sentencing hearing, the court stated it had reviewed Smith's presentence investigation report ("PSI report"), mental health report, and sentencing memorandum. ***See*** N.T., 8/15/22, at 15. It considered the statutory maximum sentence of 10 to 20 years, as well as the Sentencing Guidelines, which suggested a minimum sentence of 10 to 20 years as the standard range, or a nine-to-18-year sentence at the low end of the mitigated range. ***Id.*** at 6.

Smith's counsel recounted Smith's life history, including that Smith was raised by addicts and began doing drugs at age 15. He was in a coma following a car accident and subsequently had to overcome cognitive difficulties. Smith spent 10 years in prison after pleading guilty to killing a person while high on PCP. He was paroled at his minimum sentence. He has since had two long-term relationships which resulted in his fathering four children, and he remains active in his children's lives. After his 10-year marriage ended in divorce, due to his gambling and drug addictions, Smith successfully completed a rehabilitation program in Colorado. He worked at the center for a month afterwards. However, Smith relapsed in 2020 and developed post-traumatic stress disorder after he was allegedly beaten by the police. He has pursued mental health treatment and takes medication for bipolar disorder. He was in another coma for several days in 2021, due to another car accident. Counsel argued that the instant case was for gun possession, not any act of violence, and that his mental health evaluation had recommended a partial

- 2 -

hospitalization. Counsel requested a sentence between three to six and five to ten years, so "he can get the help that he needs." *Id.* at 10.

The assistant district attorney argued that because Smith had been convicted of both robbery and murder with a firearm, "this is exactly the kind of person we do not want possessing a gun." *Id.* at 11. The assistant district attorney also stated she did not think the county prison would be equipped to offer the drug and mental health services Smith needs. She recommended a "very mitigated" sentence of six to 12 years' imprisonment. *Id.* at 12.

Smith exercised his right to allocution. *Id.* at 12-14. He apologized and stated his intention "was one of a law-abiding citizen." *Id.* at 13. He explained that he found the gun in a bag when he was on his way to the store. He stated he decided to turn it in because he did not want a child to find it. He said he could not call the police, because he did not have his phone on him, and that he wanted to turn the gun in personally in exchange for a $100 coupon the police commissioner had offered for guns. Smith said that he was on his way to turn the gun in when the police arrested him.

Before imposing sentence, the court stated,

> This is a 6105 case, which means that Mr. Smith is a prior felon and not to possess a firearm. I think that what [the assistant district attorney] said is completely accurate. Based on Mr. Smith's history, the statute itself is specifically looking for individuals who have used firearms in a negative fashion, and I understand the mitigation. But I think that the mitigation here cuts both ways.
>
> I have an individual who heard sentencing [sic] -- the mitigation memorandum submitted by the Defender's Association has a prior

homicide for discharging a firearm, a reckless, minimally reckless [sic] while high on narcotics.

I have that same individual still struggling with addiction years later possessing a firearm on top of a robbery involving a firearm.

The mitigation that I'm seeing, quite frankly, is the fact that this was a guilty plea. And absent that I don't see any mitigation here. I frankly see aggravators because I have a statutory limit of 20 years.

Based on what I'm reading in the mitigation packet, I don't see any reason to deviate from the guidelines, and at 120 months they start at ten. I am going to give some mitigation to the guilty plea but, frankly, I don't think the Commonwealth's number is high enough.

I think that Mr. Smith has had opportunity after opportunity to make a decision here and continuing to make very poor decisions and, frankly, I'm just happy that no one was hurt.

*Id.* at 15-16.

The court sentenced Smith to the lowest mitigated sentence under the guidelines – nine to 18 years' imprisonment. It also ordered Smith to undergo a mental health evaluation. Smith filed a post-sentence motion, which was denied as a matter of law. This timely appeal followed.

Smith raises the following issue:

Did not the lower court err as a matter of law, abuse its discretion, and violate general sentencing principles when it imposed a sentence of 9 to 18 years['] confinement on an open guilty plea, a manifestly excessive sentence in light of the fact that the Commonwealth recommended a sentence of 6 to 12 years confinement, which would have been a fair sentence that sufficiently accounted for the need to protect the public, and foster [Smith]'s rehabilitation?

Smith's Br. at 3.

Smith's issue goes to the discretionary aspects of his sentence. Before reviewing this claim, we must determine whether Smith has included in his brief a concise statement raising "a substantial question whether the sentence is inappropriate under the Sentencing Code." ***Commonwealth v. Snyder***, 289 A.3d 1121, 1126 (Pa.Super. 2023) (quoting ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019)).[1] "A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Id.*** (citing ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010)). The Sentencing Code requires the court to consider the Sentencing Guidelines and impose a sentence of confinement consistent with the need to protect the public, the gravity of the offense, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b). We will not "accept bald assertions of sentencing errors" or look beyond the concise statement to determine whether a substantial question exists. ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018).

In his concise statement, Smith argues that his mitigated-range sentence of nine to 18 years was manifestly excessive and unreasonable because he "entered an open guilty plea, and presented significant

---

[1] There is no dispute that Smith complied with the other requirements discussed in ***Snyder***, *i.e.*, preserving the issue in the court below and filing a timely notice of appeal. 289 A.3d at 1126.

mitigation," and because the court ignored the Commonwealth's recommendation for a sentence of six to 12 years. Smith's Br. at 9.

We find Smith has failed to raise a substantial question. Smith has not identified what provision of the Sentencing Code or fundamental sentencing norm the court violated in imposing a mitigated-range sentence. Smith has presented no authority requiring the court to honor the Commonwealth's below-the-guidelines recommendation. Nor does Smith present any authority supporting his argument that the entry of a guilty plea and a bald claim of "significant mitigation" renders his mitigated sentence excessive.

Even if we found Smith raised a substantial question, we would find no merit to his argument. Smith argues the court "framed the mitigating circumstances as aggravating factors." Smith's Br. at 16. Specifically, he asserts the court found Smith's drug addiction and mental illness were aggravating factors, which he asserts "flies in the face of the tenets of fair sentencing." *Id.* at 17. Smith claims the court ignored that he had been abused and neglected by his parents, both of whom were addicts, and complains that the court did not explain how the lengthy sentence would serve Smith's rehabilitative needs. He asserts that his sentence, which was longer than the Commonwealth's recommendation, "can only be viewed as a purely punitive sentence." *Id.* at 16.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Snyder*, 289 A.3d at 1126 (citation omitted). "[W]here a

sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. We will vacate a sentence falling within the sentencing guidelines only if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). Furthermore, "[w]here the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that the court place its reasoning on the record to be satisfied." *Snyder*, 289 A.3d at 1126. An appellate court "may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court." *Id.* at 1126-27.

This was not a "purely punitive" sentence, devoid of proper consideration by the court. The court, aided by its review of the PSI report, sentenced Smith to a mitigated-range sentence. It found Smith's substance abuse contributed to his recidivism and hindered his attempts at rehabilitation. Although the court did not give the weight Smith desires to his drug dependency, we may not re-weigh this factor. Nor do we find the court's treatment of it unreasonable, considering that the court ordered a mental health evaluation and Smith has not explained how a shorter sentence would better serve his need for rehabilitation.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>12/11/2023</u>